THE KENSICO CEMETERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76703. Promulgated February 16, 1937.

*Henry Ravenel, Esq., Lawrence A. Baker, Esq., Gustavus T. Kirby, Esq.,* and *E. T. Weiler, C. P. A.,* for the petitioner.
*D. A. Taylor, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies and penalties as follows:

| Year | Deficiency | 25% delinquency penalty | Year | Deficiency | 25% delinquency penalty |
|---|---|---|---|---|---|
| 1926 | $14,645.49 | $3,661.37 | 1930 | $23,391.07 | $5,847.77 |
| 1927 | 14,661.76 | 3,665.44 | 1931 | 9,083.83 | 2,270.96 |
| 1928 | 19,420.37 | 4,855.09 | 1932 | 9,450.66 | 2,362.66 |
| 1929 | 19,283.08 | 4,820.77 | | | |

The Commissioner claims increased deficiencies and penalties. There are issues raised in regard to the penalties and the amount of the petitioner's income for each year. These need not be discussed in view of the decision on the issue as to whether or not the petitioner is exempt from tax under section 231 (5) of the Revenue Act of 1926 and similar provisions of later revenue acts. The facts have been stipulated, thus obviating the necessity of findings of fact.

The petitioner is a cemetery corporation organized in 1889 under chapter 133 of the Laws of 1847 of the State of New York. It is a membership corporation, not a stock corporation. Its members consist of lot owners who alone have a voice in conducting the affairs of the corporation, except that lot prices can not be changed without the consent of the certificate holders. No capital was paid in to the petitioner when it was organized, and, in order to acquire necessary land, the petitioner issued land share certificates. The original certificates were issued to the land owner, or owners, as consideration for the land. This was in accordance with the law under which the petitioner was organized. The certificates entitled the holders thereof to one-half of the amount realized from the sale of lots in the cemetery, but did not give to the holders any interest in the petitioner or any right to share its income. All of the land which the petitioner ever acquired was acquired by this same method.

The petitioner acquired some adjoining land in 1906. The financial affairs of the petitioner were not in good condition at that time and the other party to the contract agreed that 30,000 land share certificates should be issued, of which 4,707 should be returned to the petitioner, 7,793 should go to subscribers for cash and the balance of 17,500 should go to the owners of the land.

The petitioner made payments to the holders of the land share certificates. It also borrowed money and paid interest thereon. The petitioner has not been permitted by its charter or the law under which it was organized to engage in any business not incidental to the business of conducting a cemetery. It has never engaged in any business other than that incident to the conduct of a cemetery. The petitioner is required by its charter, and by the laws under which it was organized and the amendments thereto, to retain any income which it may have from any source and to use it for the purpose of maintaining, improving and embellishing the cemetery. It, of course, had authority to pay its debts and expenses.

Section 231 of the Revenue Act of 1926 provides in part as follows:

CONDITIONAL AND OTHER EXEMPTIONS OF CORPORATIONS

SEC. 231. The following organizations shall be exempt from taxation under this title—

\*     \*     \*     \*     \*     \*     \*

(5) Cemetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit; and any corporation char-

tered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business not necessarily incident to that purpose, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

Sections 103 (5) of the Revenue Acts of 1928 and 1932 are identical with the above quoted provision. The petitioner was owned and operated exclusively for the benefit of its members. It was chartered solely for burial purposes as a cemetery corporation and was not permitted by its charter to engage in any business not necessarily incident to that purpose. No part of its net earnings inures to the benefit of any private shareholder or individual. Thus it seems clear that the petitioner is exempt from tax.

The respondent argues that the petitioner was organized and operated for the benefit of the land share certificate holders. That is true only in the sense that the petitioner was operated in such a way as to pay to the land share certificate holders the amount which was due them as creditors of the petitioner. Obviously the petitioner had to acquire land and pay for it. Since it did not have the capital to buy land, some other means of acquiring land had to be devised. The land share certificates were used for the purpose. They were essentially different from stock certificates and represented promises to pay money. *American Exchange National Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116. If the petitioner had given back a purchase money mortgage on some of its lands and had so conducted its affairs as to pay the interest and principal on the mortgage, that fact would not prevent it from being exempt from tax. Likewise it is not denied the exemption because it pays its creditors, the holders of the land share certificates. A contrary holding would give to the statute an absurd interpretation. If it be a fact, as the respondent contends, that some of the certificates were actually issued for cash and some were issued to the petitioner itself, those circumstances do not change the result. Any advantage to the petitioner from holding certificates would not inure to the benefit of individuals any more than would profits which it derived in other ways. Whether the certificates were issued for cash or whether they were issued for land, they represented a debt due from the petitioner to the holders. Those debts were payable as the lots were sold, regardless of whether or not the petitioner had income.

Since the holding is that the petitioner is exempt from tax, the other issues in the case become immaterial.

*Decision will be entered for the petitioner.*